SARAH E. STROUD v. J. F. PRAGER.

APPEAL BY THE DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued October 30, 1889—Decided November 11, 1889.

1. Possession of land taken under articles for its purchase and held adversely for the statutory period by the lines described therein, will give title under the statute of limitations, although a deed afterwards delivered and accepted in pursuance of the articles does not include the land in dispute.
2. In such case, therefore, it is error to exclude an offer of the articles to show the lines according to which possession was taken, when offered to be followed by evidence that the possession was maintained adversely for the statutory period.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 82 October Term 1889, Sup. Ct.; court below, No. 7 October Term 1887, C. P. No. 2.

On July 29, 1887, a summons was served in an action of trespass brought by Sarah E. Stroud against John F. Prager, to recover damages occasioned by the alleged diversion by the defendant of a stream of water from his land against the land of the plaintiff, in such manner as to cause to be washed away large quantities of the plaintiff's soil and her out-buildings to be undermined and injured. Issue.

At the trial on December 11, 1888, it was made to appear
VOL. CXXX—26

that on September 19, 1856, John F. Prager, the defendant, had bought a parcel of land from D. B. Hawkins et al. under an article of agreement, and had at once taken possession thereof. The land was not described definitely in the agreement, but was bounded by distinctly visible marks, such as fences, roads, etc. A deed for the land was executed and delivered bearing date March 16, 1863, in which the land was described by courses and distances, but the lines did not conform in some places with the lines of the articles.

In 1865, Francis Stroud bought from D. B. Hawkins et al., the same grantors, a parcel of land adjoining that purchased and at that time occupied by the defendant. This land at Mr. Stroud's death became vested in Sarah E. Stroud the plaintiff.

The plaintiff's case having been closed after evidence of her title to the locus in quo and of the injuries complained of, the defendant, claiming that the locus in quo was within the lines of the land purchased and owned by him, offered in evidence the article of agreement dated September 19, 1856. The offer was objected to, (1) for the reason that it was already in evidence that defendant had accepted the deed for the land, dated March 16, 1863, duly recorded, and the article was merged in the deed and was of no effect; (2) that the article of agreement, not having been recorded, was no notice to Francis Stroud, when purchasing the adjoining property from the same owner at a subsequent date.

By the court: Objection sustained; exception.[1]

The defendant then renewed the offer of the article of agreement, to be followed by evidence that the defendant entered into possession of the land mentioned in the article, and had held possession thereof openly, notoriously and continuously, from September, 1856, to the date of trial. Objection renewed.

By the court: Objection sustained; exception.[2]

R. L. McCully, a surveyor, called by defendant, testified as to a survey he had made of the Prager tract, and that he had an article of agreement and a deed with him at the time:

Q. Do you know the date of the article of agreement? A. No, sir; I cannot give the date.

Q. Would you know the paper if you saw it? A. Yes, sir.

Q. I ask you to look at this paper, exhibit 7, and state whether you had that paper in your possession at the time you made this survey? A. Yes, sir; I had.

Q. Is that the paper to which you refer, when you say that from the article of agreement in your possession, and the roads, you would locate the line as stated?

Objected to, as it relates to a paper which has been ruled out.

By the court: Objection sustained; exception.[4]

Adam Minert, a witness on behalf of the defendant, having stated that he was acquainted with the Prager mill property since 1860, was asked:

Q. Do you know, from looking at the Prager property and from your knowledge of the mill property, what the boundary lines were of the land as then held and occupied by Mr. Prager? A. Yes, sir.

Defendant's counsel propose to show by the witness on the stand that Mr. Prager was in possession of all the land lying between the Squaw run road, the Sleigh road, up as far as this wagon track, which led up to the mill dam, then on up the private road and the board fence, just as bounded by the map in evidence.

Objected to, on the ground that title by possession cannot be shown by the species of evidence offered, viz.: a man looking at it, with naming the fences, or natural boundaries of any kind, except what in his own judgment he thinks could be such, and thereby make evidence tending to show title by the statute of limitations.

By the court: Objection sustained; exception.[6]

At the close of the testimony, the court, MAGEE, J., charged the jury inter alia:

The defendant, if I understand the case, justified the acts done, which it seems were done by his son, on the ground that the acts complained of were done on his own land; land covered by the description in his deed, or such as he had held otherwise adversely for twenty-one years. The surveys are your principal guide on the one question of the property conveyed by the deeds. As to the evidence of a possession by defendant, adverse, visible, notorious and distinct, of the land upon which the alleged trespasses were committed, I may say that I see in the evidence no sufficient proof of its existence. The fact that neighborly acts are shown, if they do not indicate clearly a claim of right, are not classed in law as adverse to the rightful owner. There ought to be something in the

Opinion of the Court.

exercise to give visible evidence that the act was not a friendly privilege, rather than an adverse claim. . . . .

The plaintiff requests the court to charge :

1. There is no evidence to be submitted to the jury, upon which to find title in the defendant under the statute of limitations.

Answer: This point is affirmed.[7]

. The jury returned a verdict for the plaintiff for $500. A rule for a new trial having been discharged, judgment was entered, when the defendant took this appeal, assigning as error, inter alia :

1–6. The refusal of defendant's offers.[1 to 6]

7. The answer to plaintiff's point.[7]

*Mr. J. McF. Carpenter* (with him *Mr. A. K. Stevenson*), for the appellant :

Counsel cited: Wilson v. McNeal, 10 W. 426 ; Burns v. Sutherland, 7 Pa. 103; Strickler v. Todd, 10 S. & R. 73 ; McKellip v. McIlhenny, 4 W. 323 ; Blaine v. Chambers, 1 S. & R. 169; Swartz v. Swartz, 4 Pa. 353.

*Mr. J. H. Miller* (with him *Mr. Arch. McBride*), for the appellee.

Counsel cited: Wilson v. McNeal, 10 W. 427; Gregory v Griffin, 1 Pa. 208; Hall v. Powel, 4 S. & R. 456 ; Heiser v. Riehle, 7 W. 35 ; Washabaugh v. Entriken, 36 Pa. 513 ; McCall v. Neely, 3 W. 72.

OPINION, MR. JUSTICE WILLIAMS :

. This was an action of trespass brought to recover damages for an injury to land, the bank of a small mill-stream. The defendant denied the title of the plaintiff, and set up title and actual possession in himself. The evidence shows that he had purchased a mill property from David B. Hawkins in September, 1856, by an agreement in writing, which .described the land by reference to roads, buildings, and fences then on the ground. He went immediately into possession. His deed was not made until March, 1863, and when made did not adopt the description in the written agreement, but made a new one by

courses and distances, containing fourteen acres. According to the description contained in the deed, the place of the alleged injury would be outside the lines of Prager's property. He alleged that he took possession under the articles, and in accordance with the description therein, and had remained in possession openly, notoriously, and in hostility to all comers, from that time down to the time of trial, a period of more than thirty years. If this was true, he had a good title under the statute of limitations, without regard to the description in his deed.

For the purpose of putting his defence before the jury, he offered the article of agreement, to be followed by proof " that the defendant entered into possession of the land mentioned in the article, and has held possession thereof openly, notoriously and continuously from September, 1856, until the present date." This was objected to for the reason that the article of agreement was merged in the deed. The objection was sustained, and the evidence excluded. This might have been proper if the article had been offered for some other purpose, such as to contradict recitals in the deed; but it was offered as showing the boundaries of his possession when he was put in by his vendor; and he proposed to follow it by showing that his possession had extended to the same boundaries, notwithstanding the deed, down to the time of trial. The boundaries of this possession he alleged embraced the locus of the alleged trespass. If this was true, he had a perfect defence to the plaintiff's action, and in determining the admissibility of the offer we must assume that it was true. If he had been, for over thirty years, as he proposed to show, in the open, notorious, and continuous possession of his mill property, by boundaries which inclosed the bank of the stream on which the alleged trespass had been committed, the plaintiff could not recover. If he had relied on his deed as a defence, he would have been concluded by the description it contained, but he did not. He said, in substance: " My vendor sold this property to me, and described it in the contract by reference to roads, fences, and buildings that I could see. He put me in possession of the land so described, and I have remained in possession ever since, according to the same visible boundaries, and those boundaries include the land in question." This was a claim of title by possession in-

dependently of the deed, and the fact that he received a deed with a different description of the land from that in the agreement, and recorded it, did not prevent him from setting up such title.

This view of the subject sustains the second, fourth, and sixth assignments of error, and

> The judgment is accordingly reversed, and a venire facias de novo awarded.